**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4126-23

SABRINA OSSO,

     Plaintiff-Appellant,

v.

MICHAEL OSSO,
MEGAN ROSSI,
DANA JEAN TORO,

     Defendants-Respondents.

_____

Submitted November 18, 2025 – Decided December 18, 2025

Before Judges Sumners and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FD-02-1353-23.

Sabrina Osso, self-represented appellant.

Michael Osso, Megan Rossi and Dana Jean Toro, self-represented respondents.

PER CURIAM

This appeal arises from a third-party custody dispute between plaintiff Sabrina Osso and defendant Michael Osso (Osso). Plaintiff appeals from the August 20, 2024 Family Part order denying her application for sole custody of her paternal niece, Osso's child, E.O., and from the April 22, 2024 order denying plaintiff's motion to recuse the Family Part judge. Having reviewed the record and governing law, we affirm substantially for the reasons set forth by Judge Jaclyn Medina in her comprehensive oral decisions.

I.

Osso and Dana Toro are the parents of E.O., with Osso having primary custody. Plaintiff is Osso's sister. Megan Rossi is Osso's live-in partner and is employed lawfully as an "on-line, non-nude fetish performer."

On December 12, 2023, the court denied plaintiff's order to show cause, finding no preliminary showing of immediate and irreparable harm. Two weeks later, plaintiff filed a verified complaint for sole custody of E.O., alleging E.O. was being abused by Osso and Rossi. In January 2024, plaintiff filed a motion to recuse the Family Part judge.

On April 22, 2024, the judge denied the recusal motion, finding no basis for withdrawal from the case. The judge reasoned that plaintiff failed to articulate any reason for recusal and that her claims lacked specificity. The

judge further explained that while plaintiff may be displeased with the court's prior decisions, at this juncture, the court had not made any decision regarding plaintiff's custody application. As the judge noted, "we're in the middle of the argument."

Several months later, the court continued oral argument on plaintiff's third-party custody application. Before rendering a bench decision on plaintiff's application, the court addressed the Division of Child Protection and Permanency's (the Division) motion to quash a subpoena served by plaintiff seeking to obtain privileged and confidential documents from the Division. The court granted the Division's motion and quashed plaintiff's subpoena. The court inquired of the Deputy Attorney General (DAG) regarding the Division's findings as to various referrals involving the family. The DAG represented that all of the completed investigations between 2017 and 2023 resulted in either unfounded or not established findings.

Concerning plaintiff's custody application, the judge outlined the governing legal framework and the rights of parents in a third-party custody dispute. The judge found "no substantiated indicia of any type of abuse or neglect" as confirmed by the Division's investigations, and neither parent "ceded over to this third party a measure of parental autonomy." The judge correctly

determined that because there was no competent evidence of parental "gross misconduct, unfitness, neglect, or 'exceptional circumstances' affecting the welfare of the child[,]" W.M. v. D.G., 467 N.J. Super. 216, 230 (App. Div. 2021), the presumption in favor of the legal parents had not been overcome. See Fall & Romanowski, New Jersey Family Law, Child Custody, Protection & Support §22:3; see also V.C. v. M.J.B., 163 N.J. 200, 219-20 (2000). After analyzing the four-prong test under V.C. that a third party must demonstrate to establish psychological parentage, the judge found "no credible [prima facie] showing of the necessary prongs."

On appeal, plaintiff contends the judge erred by failing to recuse herself from the case and by not granting plaintiff's application for sole custody of E.O.

II.

"Appellate review of a trial court's findings in a custody dispute is limited." W.M., 267 N.J. Super. at 229 (citing Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We defer to the factual findings of the family part; "[h]owever, [we] review issues of law de novo, even those that arise in the context of a custody dispute." Ibid. (citing R.K. v. F.K., 437 N.J. Super. 58, 61 (App. Div. 2014)).

4

## A.

We begin with plaintiff's assertion that the judge erred in refusing to recuse herself, contending the judge "violat[ed] the standard of review for judicial recusal under Rule 1:12(g)." Specifically, plaintiff baldly asserts that "there is a personal relationship between [] defendants and the judge involved," the judge could not act impartially and in an unbiased manner and failed to review relevant evidence. Having reviewed the record, we are satisfied there is no merit to these claims as expressed by the judge, and we add only the following brief comments.

Judges must act in a way "that promotes public confidence in the independence, integrity and impartiality of the judiciary, and []avoid[s] impropriety and the appearance of impropriety." Code of Jud. Conduct r. 2.1; see also In re Reddin, 221 N.J. 221, 231 (2015). It is also improper for a judge to withdraw from a case "upon a mere suggestion" of disqualification. Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001). A judge should not step aside from a case "unless the alleged cause of recusal is known by [them] to exist or is shown to be true in fact." Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986).

A-4126-23

In the record before us, there is no evidence that would lead us to doubt the judge's impartiality requiring recusal. Plaintiff's assertions lack specificity and corroboration in the record. Judge Medina gave full and fair consideration to the matter before her, applied the correct legal standard, and properly ruled that recusal was unwarranted.

B.

Plaintiff next argues that the judge erred by denying her application for third-party custody of E.O. We disagree. Having reviewed the record and governing law, we discern no error in the judge's dismissal of the application based on the lack of a credible prima facie showing of the legal standard established by V.C.

We acknowledge the dangers and life-long negative consequences to children who have been abused or neglected. However, in the case before us, as the judge aptly noted, the Division did not substantiate any allegations of abuse against defendants, despite approximately eight referrals investigated by the agency. Furthermore, E.O.'s parents have not ceded their parental autonomy to plaintiff, nor has the record shown that E.O. ever lived with plaintiff. As the judge noted, plaintiff is E.O.'s paternal aunt but she has not "ever stood in a parent-like relationship" with E.O.

6

In sum, applying the governing legal principles to both decisions, we conclude Judge Medina's denial of plaintiff's recusal motion and application for third-party custody are fully supported by the record, and in light of that record, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-4126-23